ORIGINAL

# In the United States Court of Federal Claims

No. 16-237C
(Filed: July 29, 2016)
***NOT FOR PUBLICATION***

**FILED**
JUL 29 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| SUSAN HERBERT, et al., ) | |
| ) | Pro se; RCFC 12(b)(1); Lack of |
| Plaintiffs, ) | Subject Matter Jurisdiction; Res |
| ) | Judicata |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

On February 17, 2016, *pro se* plaintiff Susan Herbert filed the instant complaint on behalf of herself and 66 other named plaintiffs against the United States and John Coveny.[1] Among other things, the complaint seeks just compensation for "violation of every right including the birthright," a hearing in person, an injunction preventing the United States from collecting taxes from the plaintiff, an injunction preventing President Barack Obama from acting as President, an injunction prohibiting the government from claiming jurisdiction over the plaintiffs, and a declaration that "women and their children are a part of mankind." Compl. at 41. Further, the plaintiff supposedly "in her official capacity as President" levies allegations of treason against an individual named John Coveny. Compl. at 34, 37. The complaint expressly states that "damages in this case does not refer to money." Compl. at 41. The plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 4).

The government filed a motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction on April 7, 2016. Def.'s Mot. Dismiss (ECF No. 6). After

---

[1] As a *pro se* plaintiff, Ms. Herbert can only represent herself and members of her immediate family before the court. RCFC 83.1(a)(3). Therefore, the other named plaintiffs must be removed from this action.

USPS TRACKING # 9114 9014 9645 0594 5521 22
& CUSTOMER
RECEIPT   For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

failing to properly serve Ms. Herbert with the motion, the court granted the government's motion to file a corrected motion to dismiss on June 14, 2016. Order (ECF No. 12). Ms. Herbert filed a motion opposing the government's motion to dismiss. Pl.'s Resp. (ECF No. 11).

## BACKGROUND

"Ms. Herbert has previously filed in various courts a number of complaints nearly identical to this one, all of which have been dismissed." *Herbert v. United States*, No. 14-287C, 2014 WL 3686133, at *1 (Fed. Cl. July 24, 2014) (citing Order of Dismissal, *Clemons v. United States*, No. 13-162 (Fed. Cl. Mar. 15, 2013); Order, *Herbert v. Obama*, No. 11-1869, 2011 U.S. Dist. LEXIS 122644 (D. Minn. Aug. 24, 2011) (dismissing complaint for failure to state a claim for which relief can be granted); Order, *Herbert v. United States*, No. 3:07–cv–964–J–33TEM, 2007 U.S. Dist. LEXIS 88787 (M.D. Fla. Nov. 1, 2007) (dismissing claim for frivolousness and for failure to state a claim upon which relief can be granted); Order, *Herbert v. United States*, No. 3:07–cv–00776–J–16MCR, 2007 U.S. Dist. LEXIS 72022 (M.D. Fla. Sept. 27, 2007) (dismissing claim as frivolous)).

Here, Ms. Herbert begins her free-flowing complaint by stating that the court's previous dismissal of her case in 2014 is invalid because it was not delivered by first class mail. Based upon the complaint and the plaintiff's subsequent briefs, it appears that Ms. Herbert's primary grievance is the government's failure to pay her an alleged default judgment related to the 2008 Presidential election. Ms. Herbert levies countless Constitutional grievances against the government including due process, equal protection, and takings violations. She specifically sets out her desired relief. First, the plaintiff asks the court for nonmonetary damages for "violation of every right including the birthright." Compl. at 41. Second, Ms. Herbert seeks a hearing in person in order to state her grievances against the government. Compl. at 41. Next, Ms. Herbert asks the court for injunctions prohibiting: (1) the government from collecting taxes from her; (2) the government from claiming they possess jurisdiction over her; and (3) Barack Obama from "acting as if he is the rightful, lawful President." Compl. at 41. Finally, the plaintiff seeks a declaration stating that women and their children are part of mankind and possess equal rights. Ms. Herbert does not ask for monetary damages.

## LEGAL STANDARD

RCFC 12(b)(1) permits the government to raise the court's lack of subject matter jurisdiction in its responsive pleading. In her complaint, Ms. Herbert bases this court's jurisdiction upon the Tucker Act, 28 U.S.C. § 1491. Compl. at 1. Title 28 U.S.C. §

2

1491(a)(1) grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." However, the Tucker Act alone cannot be the substantive basis for a plaintiff's right to relief. *United States v. Testan*, 424 U.S. 392, 398 (1976). In order to establish a right to monetary relief, a plaintiff must point to an independent money-mandating source of law. *Id.* at 400.

In the case of a *pro se* plaintiff, pleadings are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a *pro se* plaintiff still bears the burden of demonstrating the court's subject matter jurisdiction over the claim. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted); *Mora v. United States*, 118 Fed. Cl. 713, 715 (2014) (citation omitted).

## DISCUSSION

This court lacks subject matter jurisdiction over the plaintiff's claims. Ms. Herbert has failed to demonstrate that this court possesses jurisdiction over her claims because she is not seeking monetary relief. Further, because the plaintiff has previously raised nearly identical claims, they are barred by the doctrine of *res judicata*. *See, e.g., Herbert*, 2014 WL 3686133, at *1 (dismissing claims for lack of subject matter jurisdiction).

The court does not possess jurisdiction over Ms. Herbert's due process claims. The Due Process Clause of the Fifth Amendment to the United States Constitution is not money-mandating. *See, e.g., James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1999) ("[I]t is well established that the Court of Federal Claims lacks jurisdiction over [Due Process Clause claims] because [the Due Process Clause] . . . is [not] a money-mandating provision."). Since the Due Process clause it is not a money-mandating provision, the Tucker Act does not provide this court with jurisdiction over such claims.

As this court discussed in *Herbert*, 2014 WL 3686133, at *3, Ms. Herbert's taking claims fail as a matter of law. While Ms. Herbert alleges that a taking occurred when she was denied entry and a hearing in the Supreme Court, "[t]he right of entry to the Supreme Court and the right to a hearing are not private property, and therefore Ms. Herbert has failed to allege that private property has been taken for public use." *Id.* Further, as the government notes in its brief, Ms. Herbert's taking claims fail because she does not concede the validity of the government's actions. Def.'s Mot. Dismiss. at 6. A "claimant must concede the validity of the government action which is the basis of the taking claim

3

to bring suit under the Tucker Act." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).

The court notes that the Court of Appeals for the Federal Circuit held that the Court of Federal Claims lacks jurisdiction over claims virtually identical to Ms. Herbert's. *See Ramirez v. United States*, 239 F. App'x 581, 582 (Fed. Cir. 2007) ("[W]e interpret the complaint to allege that the state and federal courts have conspired to deprive [plaintiff] and all other women of rights under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. She argues that, although she has been litigating various civil and criminal matters in various courts for the past 26 years, she has yet to receive a fair hearing because she has always proceeded *pro se*."). In that case, the Federal Circuit noted that this court "cannot grant equitable relief such as an injunction or specific performance," except in specific circumstances that were not present. *Id.* at 582-83. Under *Ramirez*, the court lacks jurisdiction to grant the injunctive relief Ms. Herbert seeks. *Id.*

Regarding Ms. Herbert's allegations of treason against John Coveny, this court does not possess jurisdiction over criminal matters or individual defendants. *Birdsall-Perry v. United States*, No. 05-722C, 2005 WL 6115725, at *2 (Fed. Cl. Sept. 30, 2005) ("[T]his court does not have criminal jurisdiction.").

Additionally, in the Court of Federal Claims, the principle of *res judicata* may apply to questions of jurisdiction. *Citizens Elecs. Co., Ltd. v. OSRAM GmBH*, 225 F. App'x 890, 893 (Fed. Cir. 2007). Although a dismissal for lack of subject matter jurisdiction does not act as an adjudication on the merits, it retains "some preclusive effect" if the plaintiff fails to cure the jurisdictional problems. *Lea v. United States*, 126 Fed. Cl. 203, 213 (2016). "'If [a] second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of *res judicata* bars the second claim,' unless 'the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit.'" *Id.* (quoting *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000)).

Here, Ms. Herbert's claims and prayers for relief are identical to those asserted and dismissed in *Herbert*, 2014 WL 3686133, at *1. However, Ms. Herbert has added no new information to her present complaint that would cure her jurisdictional shortcomings. In fact, her first-filed complaint sought $2 billion in damages while her second-filed complaint entirely disavows monetary relief, thus the present action is even farther afield from this court's jurisdiction than the first. *See Herbert*, 2014 WL 3686133, at *3;

4

Compl. at 41. Therefore, the doctrine of *res judicata* acts as a bar against Ms. Herbert's claims.

For the reasons stated above, Ms. Herbert's complaint must be **DISMISSED** and her motion for leave to file *in forma pauperis* is **DENIED AS MOOT**. Furthermore, the clerk is directed to accept no future complaints from the plaintiff absent an order from the Chief Judge of this court approving the filing.

**IT IS SO ORDERED.**

                                                                                                     /s/ Nancy B. Firestone
                                                                                                     NANCY B. FIRESTONE
                                                                                                     Senior Judge